IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LATOYIN V. DAVIS,<br><br>　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>SPENCER D. GROSS, DOMINO'S PIZZA, LLC, and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,<br><br>　　　　　　　Defendants. | 8:23CV548<br><br><br>**ORDER** |

　　　　This action was filed on December 14, 2023. Filing No. 1. On December 27, 2023, Plaintiff requested summons for Defendants Spencer Gross, Domino's Pizza and AON Risk Insurance and those summonses were issued. Filing No. 5. On February 14, 2024, a summons returned unexecuted as to defendant AON Risk was filed. Filing No. 7. Thereafter, Plaintiff amended his complaint and named Sedgwick Claims Management Services, Inc. as a named defendant. Filing Nos. 11 and 12. A summons was issued for Sedgwick Claims Management Services, Inc. on February 28, 2024. Filing No. 14. On June 18, 2024, The Court issued an Order to Show Cause directing plaintiff to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m). Filing No. 16

　　　　On June 21, 2024, Plaintiff filed a motion for summary judgment, declaration of facts, and brief in support of his motion for summary judgment. Filing Nos. 17, 18, and 19. Upon review of the filings, the Court construed them to be a response

to the Order to show cause. Attached to his filings, Plaintiff purported to show he perfected service on the named defendants via certified mail. However, various defects in service still existed.

On July 8, 2024, Plaintiff filed a "request to resubmit summons[es] on defendants in person" and supporting facts. Filing Nos. 20 and 21. The Court considered these filings as a motion to extend time to provide service under Federal Rule of Civil Procedure 4 and granted Plaintiff's request, giving him until August 22, 2024, to perfect service. Filing No. 22.

On July 30, 2024, Plaintiff filed a "declaration," Filing No. 25, and three return summonses, Filing Nos. 26, 27, and 28, again purporting to show service. Despite Plaintiff's efforts, he has yet to properly serve all Defendants. Specifically, Davis claims to have personally served Domino's Pizza LLC by hand delivering the summons on July 16, 2024 to an individual at their corporate office. Filing Nos. 25, 26. However, Fed. R. Civ. P. 4(c)(2) provides that service may be accomplished by "any person who is at least 18 years old and *not a party* [to the lawsuit]." (emphasis added). As such, Plaintiff cannot deliver the summons and complaint himself as he is a party to the lawsuit.

Plaintiff also attempted to serve Defendant Sedgwick Claims Management by certified mail. Filing Nos. 25, 28.[1] Both Nebraska and Kentucky[2] state law allow for service by certified mail. *See* Neb. Rev. Stat. 25-505.01; Ky. R. Civ. P. 4.01. However, both require a *signed* return receipt. *Id*.; *Bowden v. Brinly-Hardy Co., Inc.*, 2020 WL 9607026, at *2 (W.D. Ky. Oct. 26, 2020) (finding attempted service insufficient under Kentucky rules when plaintiff's only proof of service was an unsigned return receipt and a USPS Tracking record stating that the package was

---

[1] The documents relating to the alleged service on Sedgwick Claims Management are attached to the service return of Spencer D. Gross. *See* Filing No. 28.

[2] Defendant attempts to serve Defendant Sedgwick Claims Management in Kentucky. Pursuant to Fed. R. Civ. P. 4, service may be perfected by following state law where service is made.

delivered to an unidentified individual). Unfortunately, Plaintiff has not provided the Court with sufficient proof of service on Defendant Sedgwick Claims Management.

Finally, Plaintiff's attempt to serve Defendant Spencer D. Gross also fails. Again, Plaintiff, as a party to the action, may not serve the summons and complaint. Fed. R. Civ. P. 4(c)(2). Additionally, while service may be accomplished by delivering a copy of the complaint to the individual personally or leaving a copy at the individual's dwelling with someone of suitable age and discretion, Plaintiff did neither. Rather, Plaintiff left the documents in the mailbox outside of a residence. Filing No. 25, 27. This does not comply with the requirements of personal service or service by mail under the applicable rules.

Accordingly,

IT IS ORDERD:

1. For good cause shown, Plaintiff is afforded additional time to serve the Defendants. Plaintiff shall perfect service on or before **October 14, 2024**.

2. The Clerk of the District Court is directed to issue a new summons for each Defendant at the addresses provided by Plaintiff and copied below:

   Spencer D. Gross
   4404 Grace Ave.
   St. Louis, MO 63116

   Domino's Pizza, LLC
   30 Frank Lloyd Wright Drive
   Ann Arbor, MI 48106

   Sedgwick Claims Management Services, Inc.
   PO Box 14459
   Lexington, KY 40512

   The Clerk of the Court shall provide the summonses to Plaintiff to serve.

3. Plaintiff shall serve the summonses together with a copy of the Complaint, Filing No. 1, the Amended Complaint, Filing No. 11, and a copy of this order.

4. Plaintiff is reminded to follow the Federal Rules of Civil Procedure and this court's Local Rules.

> The Federal Rules of Civil Procedure are posted online at:
>
> http://www.uscourts.gov/uscourts/rules/civil-procedure.pdf
>
> The Local Rules for the United States District Court for the District of Nebraska are posted on the court's website at:
>
> http://www.ned.uscourts.gov/attorney/local-rules

Dated this 16th day of September, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge