IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LATOYIN V. DAVIS,<br><br>    Plaintiff,<br><br>  v.<br><br>DOMINO'S PIZZA, LLC and SEDGWICK CLAIMS MANAGEMENT SERVICES, INC.,<br><br>    Defendants. | 8:23CV548<br><br>MEMORANDUM<br>AND ORDER |

  This matter is before the Court on separate motions to dismiss filed by defendants Domino's Pizza, LLC ("Domino's") (Filing No. 31) and Sedgwick Claims Management Services, Inc. ("Sedgwick") (Filing No. 38). For the reasons stated below, Domino's motion is granted in part and denied in part and Sedgwick's motion is granted. The Court will grant plaintiff LaToyin Davis ("Davis") leave to amend his complaint to state a claim for negligence against Domino's under Nebraska law.

I.  BACKGROUND

  This case arises from a traffic accident in Omaha, Nebraska, on December 20, 2022. Davis, appearing *pro se*, alleges he was traveling north in his car in the right lane on Saddle Creek Road ("Saddle Creek") while Spencer D. Gross ("Gross") was driving north in the left lane in a semi tractor-trailer owned by Domino's. According to Davis, Gross attempted to make an illegal right turn from the left lane of Saddle Creek into a parking lot to the east. As Gross turned in front of him, Davis veered off the road to the right to try to avoid colliding with the semi and hit a light pole, damaging his car and injuring his neck and back.

  On December 14, 2023, Davis sued Gross, Domino's, and AON Risk Services Central Inc. ("AON Risk")—the company listed on the police report as Domino's

insurance company (Filing No. 1).  In preparing his complaint, Davis used a form that the U.S. Courts posts online to illustrate the type of information that can be useful to include in a complaint.  Despite the nature of the underlying facts of his auto accident, Davis used the pleading form for a violation of his civil rights,[1] rather than the form for a negligence claim,[2] or the generic form for a civil action.[3]

In completing the civil-rights complaint form, Davis asserts his claims arise under 42 U.S.C. § 1983, which (as the form states) allows him to "sue state or local officials for the 'depravation of any rights, privileges, or immunities secured by the Constitution and [federal law]."  Laying out the facts recited above and attaching the police report, Davis asserts claims based on equal protection, personal injury, and "loss of propert[y] under the 4th and 14th Amendments."  He also asserts Gross's "right turn from the left lane is illegal for a semi under State and Federal law under FMCSA."

Davis supplemented his complaint a few months later (Filing No. 11), replacing AON Risk as a defendant with Sedgwick.[4]  Davis explains the summons he mailed to AON Risk "was returned undelivered."  He further states Sedgwick settled his claim for the loss of his car and contacted his prior attorneys about settling this case.

On October 30, 2024, Domino's moved to dismiss Davis's amended complaint in its entirety for failure "to state a facially plausible claim for relief."  *See* Fed. R. Civ.

---

[1]Pro Se 15 (Rev. 12/16), Complaint for Violation of Civil Rights (Non-prisoner), *available at* https://www.uscourts.gov/forms-rules/forms/complaint-violation-civil-rights-non-prisoner

[2]Pro Se 5 (Rev. 12/16), Complaint for a Civil Case Alleging Negligence, *available at* https://www.uscourts.gov/forms-rules/forms/complaint-a-civil-case-alleging-negligence

[3]Pro Se 1 (Rev. 12/16), Complaint in a Civil Case, *available at* https://www.uscourts.gov/forms-rules/forms/complaint-a-civil-case

[4]Although Davis filed the one-page document as an amendment, the Court construed it as a supplement to his initial pleading (Filing No. 12) to preserve the allegations in his original complaint.  The Court refers to them together as the amended complaint.

P. 12(b)(6). According to Domino's, Davis fails to state a claim under "§ 1983 because there are no plausible allegations that [his] constitutional or federal rights were violated or that [Domino's] acted under color of state law." *See United States v. Classic*, 313 U.S. 299, 326 (1941) ("Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law, is action taken 'under color of' state law."). It points out "[a]lleging violations of state laws by themselves is insufficient to state a claim under Section 1983." *See Scheeler v. City of St. Cloud*, 402 F.3d 826, 832 (8th Cir. 2005).

Sedgwick followed suit on November 12, 2024, moving to dismiss Davis's amended complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Like Domino's, Sedgwick asserts it is not a state actor for purposes of § 1983 and did not cause Davis any actionable harm. While the issues it raises arguably intertwine, Sedgwick alternatively asserts Davis has failed to establish Article III standing to sue. *See* Fed. R. Civ. P. 12(b)(1); U.S. Const. Art. III, § 2, cl. 1. Asserting in its brief that "its involvement in this matter is limited to its role as a claims management service acting on behalf of Domino's," Sedgwick claims Davis "fails to establish an injury that is fairly traceable to Sedgwick" as required for standing under *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

On December 3, 2024, the Court accepted (Filing No. 44) the magistrate judge's Findings and Recommendation (Filing No. 43) and dismissed without prejudice Davis's amended complaint as to Gross for failure to serve process within the time specified by Federal Rule of Civil Procedure 4(m). Domino's and Sedgwick are the only defendants.

## II.   DISCUSSION
### A.   Legal Standards
#### 1.   Rule 12(b)(6)

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts the well-pleaded "allegations in the complaint as true and draw[s] all reasonable inferences in the nonmoving party's favor." *Norfolk & Dedham Mut. Fire Ins. Co. v.*

3

*Rogers Mfg. Corp.*, 122 F.4th 312, 315 (8th Cir. 2024). Though the Court generally ignores "materials outside the pleadings" in deciding such motions, "it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Glow In One Mini Golf, LLC v. Walz*, 37 F.4th 1365, 1370 (8th Cir. 2022) (quoting *Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 (8th Cir. 2012)); *see also Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999) (noting such materials may include items in the record and exhibits that are attached to a complaint).

To survive a Rule 12(b)(6) motion, Davis's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court assesses plausibility by reading the complaint "as a whole, not" by parsing it "piece by piece to determine whether each allegation, in isolation, is plausible." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). The plausibility inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

2. **Rule 12(b)(1)**

A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction can either challenge the complaint "on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). Sedgwick limits its challenge to a facial attack. That means its motion "is subject to the same standard as a motion brought under Rule 12(b)(6)," and Davis gets the benefit of that rule's procedural safeguards. *Mattes v.*

*ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003); *see also Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990).

### 3. *Pro se* Pleadings

In evaluating the sufficiency of a complaint filed *pro se*, the Court not only liberally construes it, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but also holds it "however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers," *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Even so, "[w]here the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008).

## B. Section 1983

Domino's and Sedgwick each assert that Davis fails to state a claim against them under § 1983. They are correct. To state a § 1983 claim, Davis must plausibly allege (1) that each defendant "acted under color of state law, and (2) that the alleged wrongful conduct deprived" him rights secured by the Constitution or federal law. *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020) (quoting *Schmidt v. City of Bella Villa*, 557 F.3d 564, 571-72 (8th Cir. 2009); *see also White v. Jackson*, 865 F.3d 1064, 1081 (8th Cir. 2017) ("To prevail on a § 1983 claim, a plaintiff must show each individual defendant's personal involvement in the alleged violation."). Davis has not done that for either defendant. Davis makes some general references to constitutional amendments and federal law as he suggests they relate to his car accident, but he does not plausibly allege state action or otherwise meet his burden under § 1983. Accordingly, all his claims based on § 1983 must be dismissed.

## C. Negligence
### 1. Domino's

That conclusion does not end the Court's inquiry. The federal rules generally require notice pleading. *See Cook v. George's, Inc.*, 952 F.3d 935, 938 (8th Cir. 2020).

5

The complaint's essential function "is to give the opposing party fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).

The Court looks to Davis's well-pleaded allegations, not his proposed "legal theories of recovery or legal conclusions . . . to determine whether [he] provided the necessary notice and thereby stated a claim in the manner contemplated by the federal rules." *Id.* (quoting *Parkhill v. Minn. Mut. Life Ins. Co.*, 286 F.3d 1051, 1057-58 (8th Cir. 2002)). Viewed in that light, a complaint should not fail "merely because a plaintiff's allegations do not support the particular legal theory he advances, for the court is under a duty to examine the complaint to determine if the allegations provide for relief on any possible theory." *Id.* at 848-49 (quoting *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)). In other words, "if the essence of an allegation is discernible, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).

Applying these standards and liberally construing Davis's amended complaint, the Court finds Davis may have a colorable negligence claim against Domino's under Nebraska law. "To prevail in any negligence action, a plaintiff must show a legal duty owed by the defendant to the plaintiff, a breach of such duty, causation, and resulting damages." *Lewison v. Renner*, 905 N.W.2d 540, 548 (Neb. 2018) (adding specifics for "an automobile negligence action"); *see also DeWester v. Watkins*, 745 N.W.2d 330, 334 (Neb. 2008) (describing the "tort of negligent entrustment"); *Deck v. Sherlock*, 75 N.W.2d 99, 102 (Neb. 1956).

Though not a model of clarity, Davis's allegations, taken together, at least provide the discernable essence of a possible negligence claim. *See Stone*, 364 F.3d at 915; *see also Heitzman v. Thompson*, 705 N.W.2d 426, 430 (Neb. 2005) ("A statement of facts

6

sufficient to constitute a cause of action means a narrative of events, acts, and things done or omitted which show a legal liability of the defendant to the plaintiff."). If nothing else, Davis's factual allegations about the accident and Domino's ownership of the truck that turned in front of him are "enough to raise a right to relief above the speculative level" and give Domino's fair notice of what his "'claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Contrary to Davis's assertions that only a federal court can hear his claims, he could potentially bring a negligence claim in state court or federal court. To stay here, he will have to establish that the Court has diversity jurisdiction. *See* 28 U.S.C. § 1332; *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) ("Federal court diversity jurisdiction of state law claims requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants."). The U.S. Court form cited above for a negligence claim asks specific questions to establish that basis for jurisdiction. On the record before the Court at this point, nothing rules out that possibility.[5] In light of the foregoing, the Court will grant Davis leave to amend his complaint to establish jurisdiction and better align his allegations with a negligence claim under Nebraska law. *See* Fed. R. Civ. P. 15(a)(2).

    2.    **Sedgwick**

The same cannot be said for Davis's allegations against Sedgwick. Davis amended his complaint to swap Sedgwick for AON Risk, the insurance company listed on the police report. In his pleading, Davis states Sedgwick handled his property-damage claim and was the point of contact for settlement talks. Beyond that, he does not say much about

---

[5]At first glance, it does not seem like this will present a major obstacle. Davis appears to be citizen of Nebraska, and Domino's—based on its corporate-disclosure statement (Filing No. 48)—is likely a citizen of Delaware. *See* 28 U.S.C. § 1332(c)(1). The question may come down to whether more than $75,000 is in controversy. *See* Am. Fam. Mut. Ins. Co. v. Vein Centers for Excellence, Inc., 912 F.3d 1076, 1080 (8th Cir. 2019) (explaining a complaint typically only needs to allege that "jurisdictional amount in good faith").

Sedgwick, let alone allege enough to allow this Court to reasonably infer that Sedgwick is liable for the damages he allegedly suffered as a result of the car accident. *See Iqbal*, 556 U.S. at 678.

What's more, Nebraska law generally does not permit "direct actions against liability insurance carriers based on the negligence of the insured." *Molina v. Am. Alternative Ins. Corp.*, 699 N.W.2d 415, 418 (Neb. 2005); *see also W. Neb. Gen. Hosp. v. Farmers Ins. Exch.*, 475 N.W.2d 901, 906 (Neb. 1991). The Court sees no obvious reason why that well-established rule would not apply equally to preclude any direct action against the company that allegedly handled an injured party's insurance claim. *See Molina*, 699 N.W.2d at 418; *cf. W. Neb. Gen. Hosp.*, 475 N.W.2d at 906 (noting "an insurer acts as the tort-feasor's agent in settling with the injured party"). Nebraska law creates an exception to its direct-action rule when "the insured is insolvent or bankrupt," *Robertson v. Motor Club Ins. Ass'n*, 602 N.W.2d 27, 28-29 (Neb. Ct. App. 1999); Neb. Rev. Stat. § 44-508, but that does not appear to be the case here. Even liberally construed, Davis's complaint does not state an actionable negligence claim against Sedgwick.

### III.   CONCLUSION

Davis fails to state plausible claims for relief against Domino's and Sedgwick under § 1983. Those claims must be dismissed. With a little work, however, he *may* have a colorable negligence claim against Domino's under Nebraska law. To that end, the Court will grant him leave to amend his complaint, *see* Fed. R. Civ. P. 15(a)(2), and remind him that he may wish to obtain counsel to assist him.

In amending his complaint, Davis may want to utilize the appropriate pleading form for his negligence claim and provide further factual allegations to support his theory of recovery. If he chooses to pursue that claim in this Court, he will need to plead and prove the Court has diversity jurisdiction.

Based on the foregoing,

8

IT IS ORDERED:

1. Defendant Domino's Pizza, LLC ("Domino's") Motion to Dismiss (Filing No. 31) is granted in part and denied in part. Plaintiff La Toyin Davis's 42 U.S.C. § 1983 claims against Domino's are dismissed with prejudice. The motion is denied in all other respects.

2. Defendant Sedgwick Claims Management Services, Inc.'s Motion to Dismiss (Filing No. 38) is granted. Davis's claims against Sedgwick are dismissed in their entirety.

3. Davis is granted leave to amend his complaint to state a viable negligence claim against Domino's on or before April 11, 2025.

4. Failure to timely file an amended complaint or otherwise respond to this Memorandum and Order could result in the dismissal of this case without further notice.

Dated this 14th day of February 2025.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge