IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LATOYIN V. DAVIS,<br><br>Plaintiff,<br><br>vs.<br><br>SPENCER D. GROSS, and DOMINO'S PIZZA, LLC,<br><br>Defendants. | **8:23CV548**<br><br>**ORDER** |

This matter is before the Court on four motions in which Plaintiff requests various relief. This includes (1) Filing No. 52, in which Plaintiff requests leave to deliver a Rule 45 subpoena to dismissed defendant Spencer D. Gross[1]; (2) Filing No. 53, in which Plaintiff requests leave to deliver a Rule 45 subpoena to Defendant Domino's Pizza LLC; (3) Filing No. 55, a request for an extension of time to respond to Defendant Domino's Pizza LLC's motion to dismiss; and (4) Filing No. 56, a request that this Court appoint him counsel. For the reasons set forth herein, the Court will deny Plaintiffs' motions.

I.      **Filing Nos. 52 & 53**

In Filing Nos. 52 and 53, Plaintiff requests the Court provide him leave to deliver two subpoenas pursuant to Fed. R. Civ. P. 45.[2] Rule 45 is a manner in which to obtain discovery. Given the fact that discovery in this case has not yet commenced, the Court will construe these motions as motions for expedited

---

[1] The undersigned notes that, after this Court's dismissal of Plaintiff's claims against Gross, Plaintiff has recently filed a declaration indicating he has served Gross

[2] In addition, it is worthwhile to note that a Rule 45 subpoena is not the appropriate avenue to obtain discovery from a party to a lawsuit, such as Domino's Pizza, LLC. *See Johnson v. City of Omaha*, 2022 WL 2866211 (D. Neb. July 21, 2022).

discovery. Pursuant to Fed. R. Civ. P. 26(d)(1), "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . or when authorized by these rules, by stipulation, or by court order." "The party requesting expedited discovery must provide a showing of reasonableness or good cause, taking into account the totality of the circumstances." *Walsh v. Packers Sanitation Services, Inc., Ltd.*, 2022 WL 17094473 at *2 (D.Neb. Nov. 21, 2022) (internal quotations omitted). Plaintiff has not set forth the required showing and these motions will be denied.

Once all properly served parties have filed an answer to Plaintiff's amended complaint,[3] the Court will issue a Progression Order. The Court notes that if defendant(s) file a motion to dismiss in response to Plaintiff's amended complaint, a Progression Order may not issue until such motion is ruled upon by the Court. Once a Progression Order is issued, the parties will be allowed to engage in discovery, as is set forth in the Federal Rules of Civil Procedure and this Court's Local Rules.

## II.   Filing No. 55

In Filing No. 55, Plaintiff requests an extension of time to respond to Domino's Pizza LLC's motion to dismiss. The Court ruled on all motions to dismiss on February 14, 2025. *See* Filing No. 50. No other motions to dismiss are currently pending. Accordingly, the Court denies Filing No. 55 as moot.

## III.   Filing No. 56

Finally, Plaintiff filed a motion for court-appointed counsel. Filing No. 56. In this motion, Plaintiff advises he will need assistance performing various aspects of this case and indicates he has unsuccessfully attempted to retain counsel.

---

[3] Pursuant to NeCivR 15.1(b), the Court finds the "Amended Complaint", Filing No. 51, is supplemental to the Complaint, Filing No. 1, and the "Amended Complaint", Filing No. 11. The Court refers to them together as the amended complaint.

A civil litigant has no constitutional or statutory right to a court-appointed attorney. The Court may, however, make such an appointment at its discretion. *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996). A trial court has broad discretion to decide whether both the *pro se* party and the Court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the *pro se* party's ability to investigate the facts and present or defend the claims. *Id.*; *see also Perez v. Hilton Double Tree*, 4:22CV3050, 2022 WL 1158564 (D. Neb. Apr. 19, 2022) (stating that a court may request an attorney to represent an indigent civil litigant, but that it has discretion in deciding whether to do so).

Considering all these factors, the Court finds appointment of counsel is not warranted at this time. The claims and defenses at issue are not factually or legally complex. *Davis*, 94 F.3d at 447. Additionally, though Davis indicates he has attempted to obtain an attorney, he only references an attempt to contact two attorneys. The status of either attorney's willingness to represent Plaintiff in the pending lawsuit is unclear from the motion.

Accordingly, the Court denies Filing No. 56 without prejudice to reassertion.

As with defense counsel, the plaintiff is reminded that to follow the Federal Rules of Civil Procedure and this court's Local Rules.

The Federal Rules of Civil Procedure are posted online at:
https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure
The Local Rules for the United States District Court for the District of Nebraska are posted on the court's website at:

http://www.ned.uscourts.gov/attorney/local-rules

Court resources for parties proceeding without an attorney can be found on the Nebraska federal court's website at:

http://www.ned.uscourts.gov/public/proceeding-without-an-attorney

Standard forms for case and trial preparation, including subpoena forms, are posted on the Nebraska federal court's website at:

http://www.ned.uscourts.gov/forms

IT IS SO ORDERED that Plaintiff's motions Filing Nos. 52, 53, 55, and 56, are denied as set forth herein.

Dated this 11th day of April, 2025.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge